IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

```
ANDRITZ, INC.                          *

      Plaintiff,                       *

vs.                                    *     CASE NO. 3:08-CV-44(CDL)

SOUTHERN MAINTENANCE CONTRACTOR,       *
LLC, WILLIAM PETTIT, and ROGER
HARPER, JR.,                           *

      Defendants.                      *
```

O R D E R

In this action, Plaintiff alleges that Defendants, who are former employees of Plaintiff, stole Plaintiff's trade secrets and other proprietary business information and that Defendants' conduct gives rise to a civil claim under the federal Computer Fraud and Abuse Act. Presently pending before the Court is Defendants' Motion to Dismiss (Doc. 13). As discussed below, Plaintiff's federal claim fails to state a claim upon which relief may be granted, and therefore Defendants' motion is granted as to that claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and those claims are dismissed without prejudice.

FACTUAL ALLEGATIONS

In analyzing Defendants' Motion to Dismiss, the Court must accept the allegations in the Complaint as true. *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Plaintiff alleges the following:

Plaintiff provides maintenance and repair services for woodyard equipment. (Compl. ¶ 1.)  Prior to December 2007, Plaintiff employed Defendants Pettit and Harper, whose responsibilities included selling and providing services for Plaintiff's customers.  (*Id.* ¶¶ 1, 16.) Also prior to December 2007, Defendant Southern Maintenance Contractor, LLC ("SMC") provided Plaintiff with additional labor for Plaintiff's operations.  (*Id.* ¶¶ 1, 18.)  Unbeknownst to Plaintiff, SMC, which was operated by Harper's father and Pettit, began to compete with Plaintiff in the sale of services for woodyard equipment. (*Id.* ¶¶ 19-21.)

In connection with their employment with Plaintiff, Pettit and Harper entered into various agreements with Plaintiff, promising not to disclose Plaintiff's trade secrets and proprietary information to unauthorized persons or use Plaintiff's trade secrets and proprietary information for unauthorized purposes.  (*Id.* ¶¶ 14, 16.)  During their employment with Plaintiff, Plaintiff provided Pettit and Harper with laptop computers and authorized Pettit and Harper to access its secure data network, which contained Plaintiff's trade secrets and proprietary information, such as technical drawings, blueprints and specifications.  (*Id.* ¶¶ 57-58.)  According to Plaintiff, Pettit and Harper were authorized to access the network and use their laptop computers *only* for the purpose of performing work on behalf of Plaintiff.   (*Id.*)   They were not, however, authorized to obtain

2

Plaintiff's trade secrets and proprietary information for the benefit of a competitor.  (*Id.* ¶ 40.)

In late 2007, Pettit and Harper accessed Plaintiff's computer network and obtained files containing Plaintiff's trade secrets and proprietary information for the purpose of providing the files to SMC, and they later provided the files to SMC.  (*Id.* ¶¶ 40-41, 43.) Pettit and Harper resigned their employment with Plaintiff in December 2007.  (*Id.* ¶¶ 26-27.)  Harper retained his laptop and accessed documents containing Plaintiff's trade secrets and proprietary information after his resignation, which Plaintiff did not authorize him to do.  (*Id.* ¶¶ 45-46.)  Pettit and Harper now work for SMC.  (*Id.* ¶ 28.)  Plaintiff claims that Defendants' conduct resulted in a loss to Plaintiff exceeding $5,000.  (*Id.* ¶ 63.)

Plaintiff makes one federal claim under the federal Computer Fraud and Abuse Act.  (*Id.* ¶¶ 56-65.) Plaintiff also makes various state law claims.  Jurisdiction is based on federal question, *see* 28 U.S.C. § 1331, and supplemental jurisdiction, *see* 28 U.S.C. § 1367. No claims are based upon diversity of citizenship, *see* 28 U.S.C. § 1332.

DISCUSSION

Defendants contend that Plaintiff's Complaint fails to state a claim under the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (2007) ("CFAA").[1]  As discussed below, the Court agrees.

A.   Motion to Dismiss Standard

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in Plaintiff's Complaint and limit its consideration to the pleadings and exhibits attached thereto. *Thaeter*, 449 F.3d at 1352; see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (to state a claim, a complaint must contain "enough factual matter (taken as true) to suggest" the required element).  Although "'[f]actual allegations must be enough to raise a right to relief above the speculative level[,]'" "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable[.]'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965).

B.   Plaintiff's CFAA Claim

Plaintiff contends that Defendants violated 18 U.S.C. § 1030(a)(4).  To make out a claim under 18 U.S.C. § 1030(a)(4), Plaintiff must show that Defendants (1) knowingly and with intent to defraud (2) accessed a protected computer (3) without authorization

---

[1] CFAA was amended in September 2008. 18 U.S.C. § 1030 (2008).  In this Order, citations to § 1030 refer to the law in effect prior to the 2008 amendment.

4

or exceeding authorized access (4) obtained anything of value, (5) causing a loss resulting in economic damages aggregating at least $5,000.   18 U.S.C. §§ 1030(a)(4), 1030(a)(5)(B)(i), 1030(g). Defendants argue that no civil remedy is available for a violation of 18 U.S.C. § 1030(a)(4), that Plaintiff did not sufficiently allege that Pettit and Harper accessed Plaintiff's computers without authorization or in excess of their authorization, and that Plaintiff did not allege damages compensable under CFAA.  Because the Court finds that Plaintiff's Complaint does not allege damages compensable under CFAA, the Court need not address Defendants' other arguments.

To make out a claim under CFAA, Plaintiff must show that it suffered damage or loss.  18 U.S.C. § 1030(g).  Under CFAA, "damage" means "any impairment to the integrity or availability of data, a program, a system, or information[.]"  18 U.S.C. § 1030(e)(8). "Loss" means "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service[.]" 18 U.S.C. § 1030(e)(11).

Here, Plaintiff alleges that Defendants stole Plaintiff's trade secrets and proprietary information and gave them to Plaintiff's competitor so that the competitor could poach Plaintiff's customers and potential customers using Plaintiff's own information.  Plaintiff summarily alleges that Defendants' acts caused damage and loss. The

5

Court has found no Eleventh Circuit Court of Appeals decision addressing the question whether lost revenue caused by the misappropriation of proprietary information and intellectual property from an employer's computer is recoverable under CFAA. On this issue of apparent first impression in this Circuit, the Court finds that such losses are not recoverable under CFAA.

Plaintiff simply fails to allege that it suffered any damages that fall within CFAA's statutory definition of "loss" or "damage." Plaintiff does not allege that there was any impairment to its computer system or data as a result of Defendants' conduct. After the alleged theft of the data, Plaintiff still had access to the data just as it had before Defendants' actions. The alleged CFAA violation is not that Defendants deleted or altered any data but that Defendants used the data inappropriately. Plaintiff also does not allege any damages related to responding to the offense or conducting a damage assessment, nor does Plaintiff allege that it lost revenue or incurred costs because of an interruption of service. Rather, Plaintiff alleges that it lost revenue because Defendants copied Plaintiff's proprietary information and intellectual property and then used that information to steal customers away from Plaintiff. While a remedy may exist for such conduct, Congress did not provide one in CFAA. *See Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 477 (S.D.N.Y. 2004) (finding that lost revenue due to unfair

competition and lost business opportunity does not constitute a loss under CFAA).

For all of these reasons, the Court concludes that Plaintiff's Complaint does not allege "damage" or "loss" as defined by CFAA. Accordingly, Plaintiff's CFAA claim is dismissed. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

## CONCLUSION

For the reasons set forth above, the Court grants Defendants' Motion to Dismiss (Doc. 13) as to Plaintiff's CFAA claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and those claims are dismissed without prejudice.

IT IS SO ORDERED, this 7th day of January, 2009.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE